THE N. K. FAIRBANK COMPANY, Respondent, v. BELCHER COTTON OIL COMPANY, Appellant.

### St. Louis Court of Appeals, November 28, 1899.

1. **Breach of Contract:** DAMAGES: VERDICT OF THE TRIER, CONCLUSIVE, WHEN. Action grounded on breach of contract, damages prayed difference between price paid and market value of the oil when it should have been delivered under the contract—general denial—and issue tried by court, with finding and judgment for plaintiff; Held, that the conclusion of the trial court having substantial evidence to support it, will not be disturbed.

2. ———: ERROR OF TRIAL COURT: NOT REVERSIBLE, WHEN. If the lower court by mistake, or error, rendered judgment based on a lesser quantity of oil and for a smaller sum than was recoverable, such error enured to the benefit of appellant, and judgment can not be reversed.

Appeal from Circuit Court, City of St. Louis.—*Hon. Selden P. Spencer*, Judge.

AFFIRMED.

*Charles C. Collins* for appellant.

(1) The appellate court will reverse where the finding is opposed to all probabilities to such an extent as to indicate clearly that the trier of fact did not weigh the evidence, or else was clearly mistaken as to the applicatory law. Friesz v. O'Fallon, 24 Mo. App. 439; Watson v. Fehlig, 59 Mo. App. 275; Craig v. Kelly, 49 Mo. App. 312; Rice v. Insurance Co., 48 Mo. App. 281; Spohn v. Railroad Co., 87 Mo. 74; Janis v. Roentgen, 52 Mo. App. 114. (2) The judgment of the court below is erroneous, as it is based up on a *quantum meruit*, and not upon the contract. The courts will not enforce part of an entire contract, nor make a new contract between the parties. Blackwell v. Adams, 28 Mo. App. 61; Williams v. Porter, 51 Mo. 441; Yeats v. Valentine, 56 Mo.

53; Eyerman v. Cemetery Ass'n, 61 Mo. 489; Legg v. Gerardi, 22 Mo. App. 149; Chitty on Contracts [11 Am. Ed.], 92; Warren v. Cram, 71 Mo. 641; 7 Am. and Eng. Ency. of Law [2 Ed.], 116, note 3, and cases cited; Halpin v. Manny, 33 Mo. App. 388.

*J. E., J. F. & R. H. Merryman* for respondent.

The court, sitting as a jury, having made its findings of facts, and no legal proposition being involved in the controversy, we submit it, relying on the last opinion in the last opinion in the last volume of the reports of this court, viz.: Lumber Co. v. Mining Co., 78 Mo. App. 681: "An examination of the record has convinced us that there is evidence contained in the record which tends to support the finding so made, and, therefore, the same are incontrovertible here." Freeman v. Moffitt, 119 Mo. 280; Nelson v. Railway, 66 Mo. App. 647; Griffith v. Construction Co., 46 Mo. App. 539.

BOND, J.—This is a suit for the breach of an alleged contract to sell and deliver 36,000 gallons of oil at fifteen and one-half cents per gallon. The damages sought to be recovered is the difference between said price and the market value of the oil at the time it should have been delivered under the contract. There was a general denial. The case was tried by the court without a jury, and a judgment given for plaintiff for $1,350, from which defendant appealed.

On the trial the plaintiff introduced the broker (Claiborne), through whom he claimed to have purchased the product. This witness testified positively to all of the terms of the sale as alleged in the petition, and stated that he executed a memorandum in triplicate showing the transaction, and mailed a copy to each of the parties, and preserved the third for himself. Conceding that there is much force in the discussion of the learned counsel for appellant intended to demonstrate, in the light of the contrary evidence adduced

by his client, that the evidence of this witness should have been disbelieved by the trier of the fact, yet the fact remains that the trial judge, sitting as a jury, accepted the evidence in question, and founded his verdict upon it. That conclusion having substantial evidence to support it, can not be reversed on this appeal, whether or not it accords with our view of the probative force of the entire evidence. Neither can we assent to the position of appellant that it was prejudiced by a finding that it agreed to deliver 30,000 gallons, instead of 36,000 gallons, as testified to by the broker and evidenced by his memorandum of sale. If, as the broker testified, he was authorized as the agent of defendant to sell to plaintiff 36,000 gallons, then plaintiff was entitled to recover as for a failure to deliver that quantity, and if the court by mistake or error rendered a judgment based upon a lesser quantity, its erroneous action enured to the benefit of appellant, and can not be reversed at appellant's instance.

The judgment is affirmed. All concur.